UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE M. WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>KATHRYN A. WILLIAMS, ESTATE OF ERIC WILLIAMS, STOMA VENTURES, LLC,<br><br>   Defendants. | No. 2:16-cv-2344-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for lack of jurisdiction.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint alleges that in early 2013, plaintiff's brother Eric Williams (the decedent) invented a revolutionary dental device. ECF No. 1 at 8. Prior to the creation of the dental device, the decedent "entered into oral and written agreements with his five brothers (including plaintiff) and adult niece promising to compensate them in exchange for investing in his dental invention by providing the start-up capital for" Stoma Ventures, LLC ("Stoma"), the company under which the decedent created the dental device. *Id*. at 15.

In June 2014, the decedent died intestate. *Id*. at 9. At the time of the decedent's death, his assets included a purchase order (presumably of dental devices) from the United States Veterans Administration totaling $4.2 million. *Id*. Two months after the decedent's death, defendant Kathryn Williams, the decedent's wife, filed a Spousal Property Petition in the San Joaquin County Superior Court, requesting a transmutation of incorporated business assets to community property. The petition was granted and all of the defendant's property, as well as the money plaintiff invested in Stoma, were transferred to Kathryn Williams.

Plaintiff alleges that he "unsuccessfully appealed the San Joaquin Superior court's granting of the spousal property order on the grounds that defendant Kathryn Williams sought to evade formal probate proceedings by fraudulently representing to the court that the estate of the decedent did not exceed $150,000 in clear violation of Probate Code Section 13100." *Id*. at 10. Plaintiff contends that the petition should not have been granted, as the estate's interest in Stoma exceeded a million dollars. *Id*. Plaintiff made several attempts to inform the probate court that its "order had the unintended consequence of inadvertently depriving [him and the rest of the decedent's family] of substantial investment profits," but he was unsuccessful. *Id*. at 11-12.

Plaintiff now alleges two breach of contract claims against defendants Kathryn Williams, Robert Vanderselt, a managing partner for Stoma, and the estate of Eric Williams, claiming that

3

these defendants deprived him of the profits he would have received for the sale of the dental device. *Id*. at 16-17.

The complaint fail to establish subject matter jurisdiction. Plaintiff alleges only state law claims for breach of contract and, contrary to plaintiff's contention, there is no diversity of the parties. Rather, the complaint alleges that plaintiff is a citizen of California, *id*. at 1, and as discussed below, the estate is also a citizen of California. Although plaintiff claims that the estate of Eric Williams is a citizen of Virginia because Kathryn Williams, the representative of the estate, resides in that state, for purposes of diversity jurisdiction "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332(c)(2). Documents attached to the complaint, including a declaration plaintiff submitted to the probate court, show that the decedent was a resident of California at the time of his death. Thus, both plaintiff and the estate of Eric Williams are citizens of California, and therefore diversity jurisdiction pursuant to 28 U.S.C. § 1332 is defeated.

More significantly, the complaint indicates that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4.

The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a

4

state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13.

The crux of plaintiff's complaint is that the state probate court wrongfully awarded his interest in Stoma to defendant Kathryn Williams based on her misrepresentation of the value of the estate. Under the *Rooker-Feldman* doctrine, plaintiff is precluded from challenging the probate court's order in this court. Accordingly, the court lacks jurisdiction over plaintiff's claims.

As the court is without jurisdiction over plaintiff's claims, the complaint must be dismissed without leave to amend.[2] *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted; and

2. Plaintiff's application to file documents electronically (ECF No. 3) is denied as moot.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

---

[2] Plaintiff also filed an application to file documents electronically. In light of the recommendation that the action be dismissed for lack of jurisdiction, that motion is denied as moot.

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 5, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE